IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OPTIMIZATION STRATEGIES, LLC<br><br>                    Plaintiff,<br><br>     v.<br><br>VUZIX CORPORATION<br>                    Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Optimization Strategies, LLC ("OSL" or "Plaintiff") hereby states its Complaint for patent infringement against Defendant Vuzix Corporation ("Vuzix" or "Defendant") and avers as follows:

1. This is an action for patent infringement under 35 U.S.C. § 271, et seq., by Optimization Strategies against Vuzix for infringement of U.S. Patent No. 9,388,952 (the "'952 Patent"). A true and correct copy of the 952 Patent is attached hereto as **Exhibit A**.

### THE PARTIES

2. OSL is a Florida limited liability company with its offices based at 8836 Southeast North Passage Way, Tequesta, Florida, 33469. OSL is the owner by assignment of all right, title and interest in the '952 Patent, including the right to recover for all past, present and future infringement thereof.

3. Vuzix is a registered Delaware corporation with its principal place of business located in 2166 Brighton Henrietta Town Line Rd, Rochester, NY 14623. Vuzix may be served by and through its registered agent, Corporation Service Company, at the following office address: 251 Little Falls Drive, Wilmington, Delaware 19808.

4. Vuzix is in the business of selling and offering for sale in the United States, including on its web site, which is accessible in this judicial district, the infringing smart glasses such as, for example, the M100 which is explained in greater detail below.

5. Vuzix offers its smart glasses unit for sale between $999 and $1499 per unit. The following is an excerpt taken from Vuzix's web site which demonstrates the pricing for a smart glass such as, for example, the M100:



https://www.vuzix.com/Products/m100-smart-glasses

**JURISDICTION AND VENUE**

6. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

7. On information and belief, this Court has both general and specific personal jurisdiction over Vuzix because Vuzix is incorporated in and organized and existing under the laws of the State of Delaware and in this District. Vuzix maintains a registered agent in the State of Delaware.

8. Given that Vuzix is incorporated in this district, venue is proper in this district pursuant to 28 U.S.C. § 1400(b).

## BACKGROUND

9. Vuzix's smart glasses such as, for example the M100, include a full color display built into a headset that permits the wearer to see and interact with the contents displayed on the monitor.

10. Vuzix's smart glasses such as, for example, the M100, provide a wearable monocular display and an onboard processor, recording features and wireless connectivity capabilities designed for a wide variety of enterprise applications.

11. Vuzix began shipping the M100 smart glasses in the United States around 2015.

## COUNT I –INFRINGEMENT OF THE 952 PATENT

12. Count I incorporates the contents of the preceding paragraphs 1-11 as if restated fully herein.

13. Claim 1 of the '952 Patent reads as follows:

**[1P]** 1. A head-mountable portable device comprising:

**[1A]** a first light source configured to emit a beam of white light in a first direction that is away from a head of a user; and

**[1B]** a second light source configured to emit a beam of blue light in a second direction that is towards the head of the user and is different to the first direction.

14. Referring to the preamble of the claim **[1P]**, Vuzix smart glasses, such as, for example, the M100 is a head-mountable portable device. This is shown in the following photo taken from the Vuzix web site:



https://www.vuzix.com/Products/m100-smart-glasses

15.     The foregoing picture shows that a Vuzix smart glasses is head-mountable and portable.  For at least these reasons, the preamble **[1P]** of Claim 1 is present in the Vuzix smart glasses such as the M100.

16.     Regarding element **[1A]** of Claim 1, Vuzix smart glasses such as, for example, the M100 includes "a first light source configured to emit a beam of white light in a first direction that is away from a head of a user."

17.     Upon physical inspection of the Vuzix smart glasses such as, for example, the M100, the Vuzix smart glasses include a headset that comprises a battery indicator that has a white LED light that emits a beam of white light in a first direction that is away from a head of a user. This is shown below in a side-by-side comparison where the image

on the left shows the white LED turned off and the image on the right shows the white LED turned on, as identified in the red circle.



18. For at least these reasons, Vuzix's smart glasses each comprises a light source that emits white light in a direction that is away from the user, satisfying element **[1A]** either literally or under the doctrine of equivalents.

19. Regarding element **[1B]**, the Vuzix smart glasses such as, for example, the M100 has "a second light source configured to emit a beam of blue light in a second direction that is towards the head of the user and is different to the first direction."

20. As described in the Vuzix website, the M100 comprises a full color display (e.g., blue light) that emits light onto the user's eyes.



https://www.vuzix.com/Products/m100-smart-glasses

21.    Upon physical inspection, the full color display of a Vuzix smart glasses provides blue light.

22.    For at least these reasons, the Vuzix smart glasses such as, for example, the M100 comprises a second light source configured to emit a beam of blue light in a second direction that is towards the head of the user and is different to the first direction, satisfying element **[1B]** either literally or under the doctrine of equivalents.

23.    Because all elements of at least Claim 1 are present in the Vuzix smart glasses such as, for example, the M100, either literally or under the doctrine of equivalents, the demonstration (use), sale and offer for sale of Vuzix smart glasses infringes at least Claim 1 of the '952 Patent.

24. By reason of these infringing activities, OSL has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial, including but not limited to a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, OSL respectfully requests the Court to enter judgment as follows:

A. That Defendant has directly infringed the '952 Patent;

B. That Defendant be ordered to pay damages adequate to compensate OSL for its infringement of the '952 Patent, but in no event less than a reasonable royalty, together with prejudgment and post-judgment interest thereon;

C. That Defendant be ordered to account for any post-verdict infringement and pay no less than a reasonable royalty, together with interest, thereon;

D. That this case be declared an exceptional case under 35 U.S.C. § 285 and that OSL be awarded its reasonable attorneys' fees, costs, and expenses; and

E. That OSL be granted such other and additional relief as the Court deems just and proper.

## JURY DEMAND

OSL hereby demands a jury trial as to all issues so triable.

| | |
|---|---|
| May 14, 2019 | BAYARD, P.A. |
| OF COUNSEL: | _/s/ Stephen B. Brauerman_____<br>Stephen B. Brauerman (#4952) |
| Steven G. Hill<br>Vivek Ganti<br>HILL, KERTSCHER & WHARTON, LLP<br>3350 Riverwood Parkwaay, Suite 800<br>Atlanta, GA  30339<br>(770) 953-0995<br>sgh@hkw-law.com<br>vg@hkw-law.com | Sara E. Bussiere (#5725)<br>600 North King Street, Suite 400<br>Wilmington, DE 19801<br>(302) 655-5000<br>sbrauerman@bayardlaw.com<br>sbussiere@bayardlaw.com<br><br>*Attorneys for Defendant Impact Products, LLC* |